**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAWN SCHIPPER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 1:26-cv-00923** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **HOFFER PLASTICS CORPORATION,** | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Dawn Schipper ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Hoffer Plastics Corporation ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 *et seq.* ("Title VII") seeking redress for Defendant's sex-based discrimination, sex-based harassment, and retaliation under Title VII.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 et seq.

3.      Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to pursuant to 42 U.S.C. §2000e-5(f)(3) 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.      All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

5.      Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7.      This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8.      Plaintiff, Dawn Schipper, is a natural person, over 18-years-of-age, who at all times relevant to the allegations of this Complaint resided in Cook County, Illinois.

9.      Defendant, Hoffer Plastics Corporation, whose address is 500 N Collins Street, South Elgin, Illinois, 60177, is a corporation specializing in the custom plastic injection molding industry that at all times material to the allegations in this Complaint was doing business in and for Kane County, Illinois.

10.      Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11.      During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12.      Plaintiff worked for Defendant as a Machine Operator from on or about May 5, 2025, until Plaintiff's unlawful termination on or about December 22, 2025.

2

13. Plaintiff met or exceeded Defendant's performance expectations throughout the entire duration of her employment.

14. Plaintiff is female and is a member of a protected class because of her sex (female).

15. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

16. Since at least September 2025, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has subjected Plaintiff to a hostile work environment on the basis of sex, violating Title VII.

17. Beginning in or around September 2025, a male coworker named Reyes (last name unknown) began making repeated unwelcome comments to Plaintiff about her appearance.

18. Reyes frequently told Plaintiff that she was pretty, commented on her eyes and skin, and stated that he liked her.

19. Although Plaintiff initially tried to ignore these comments, they became increasingly uncomfortable and inappropriate over time.

20. On or about December 11, 2025, during a company Christmas party, Reyes again told Plaintiff that she was pretty, stated that he liked her, and told her that she should leave her partner.

21. Plaintiff did not encourage this conduct and laughed uncomfortably because she did not know how to respond.

22. These comments amounted to creating a pervasive work environment on the basis of Plaintiff's sex (female).

23. That same day, Plaintiff's work shift began at 4:00 p.m., and Plaintiff was being trained on a new machine.

24. Plaintiff was instructed that Reyes was the person she should ask for help if she had questions.

25. After the incident at the party, when Plaintiff attempted to ask Reyes for assistance with the machine, he dismissed her and refused to help her.

26. On or about December 12, 2025, the work environment became awkward and uncomfortable.

27. Plaintiff reported what had occurred to her union foreman, Leo (last name unknown), who made a report to Human Resources on Plaintiff's behalf to request a meeting.

28. By reporting to Leo, Plaintiff had engaged in protected activity by reporting severe and pervasive comments relating to Plaintiff's sex (female).

29. On or about December 17, 2025, Plaintiff met with Sherry (last name unknown), a Human Resources representative, and reported the unwanted sexual advances and comments made by Reyes.

30. Plaintiff was instructed not to discuss the matter with anyone else and was told that the company would investigate.

31. On or about December 22, 2025, just days after making her complaint, Plaintiff was called into a meeting with Sherry and informed that she was being terminated for alleged attendance issues.

32. Plaintiff was accused of failing to clock out on December 18, 2025, and told that her doctor's notes in connection with prior absences were not being accounted for.

33. Throughout Plaintiff's employment, she consistently provided doctor's notes for any absences due to illness, and it was her understanding that documented medical absences did not count against her from an attendance perspective.

34. Prior to Plaintiff's complaint of sexual harassment, her attendance had never been raised as an issue.

35. At the termination meeting, Plaintiff was given a folder stating that she had accumulated 24 attendance points and that she had allegedly exceeded the termination threshold as early as October 2025.

36. This was the first time Plaintiff was ever informed of this point system or that she was allegedly over the limit.

37. Plaintiff had never been warned, disciplined, or notified that her job was in jeopardy due to attendance.

38. The stated reason for Plaintiff's termination was pretextual and occurred shortly after she engaged in protected activity by reporting Reyes' conduct to management and Human Resources.

39. Therefore, instead of investigating Plaintiff's complaint of discrimination and/or harassment, Defendant opted to terminate Plaintiff's employment.

40. During Plaintiff's employment, Plaintiff was subjected to sexual harassment and sex discrimination to the point that she reported it to Human Resources ("HR").

41. HR not only ignored Plaintiff's complaints of sexual harassment, but HR ultimately terminated her employment in retaliation for filing her complaint of sexual harassment.

42. Plaintiff was unlawfully terminated because of her sex, (female) on December 22, 2025.

43. Plaintiff was retaliated against and her employment was ultimately terminated for opposing unlawful discrimination and for exercising her protected rights.

44. Plaintiff reported the sex-based discrimination and harassment to Defendant.

45. Plaintiff was targeted for termination because of her sex and reporting of illegal activity.

46. Plaintiff suffered multiple adverse employment actions including, but not limited to, being terminated.

47. There is a basis for employer liability for the sex-based discrimination and harassment to which Plaintiff was subjected as the harassment was committed by Defendant's employees and Defendant had knowledge of the discrimination and harassment.

48. Plaintiff can show that she engaged in statutorily protected activity—a necessary component of her retaliation claim—because Plaintiff reported sex-based harassment and discrimination.

**COUNT I**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

49. Plaintiff repeats and re-alleges paragraphs 1–48 as if fully stated herein.

50. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

51. Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendant.

52. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

53. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

54. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex, female.

55. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

56. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of Title VII of The Civil Rights Act of 1964**
**(Sex-Based Harassment)**

57. Plaintiff repeats and re-alleges paragraphs 1–48 as if fully stated herein.

58. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

59. Defendant knew or should have known of the harassment.

60. The sex-based harassment was severe or pervasive.

61. The sex-based harassment was offensive subjectively and objectively.

62. The sex-based harassment was unwelcomed.

63. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*., due to Plaintiff's sex, female.

64. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

65. As a direct and proximate result of the sex-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of Title VII of The Civil Rights Act of 1964**
**(Retaliation)**

66. Plaintiff repeats and re-alleges paragraphs 1–48 as if fully stated herein.

67.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

68.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant, its manages, and its HR department about conduct that constituted sex-based discrimination and harassment.

69.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

70.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sex-based discrimination and harassment.

71.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

72.     Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

73.     By virtue of the foregoing, Defendant retaliated against Plaintiff in response to Plaintiff reporting the sex-based discrimination and harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

74.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

75.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered loss of employment, loss of income, and loss of employment

benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a.    Back pay with interest;

    b.    Payment of interest on all back pay recoverable;

    c.    Front pay;

    d.    Loss of benefits;

    e.    Compensatory and punitive damages;

    f.    Reasonable attorneys' fees and costs;

    g.    Award pre-judgment interest if applicable; and

    h.    Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury. Dated this 27th day of January 2026.

*/s/Sophia K. Steere*
**SOPHIA K. STEERE, ESQ.**
**NATHAN C. VOLHEIM, ESQ.**
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(331) 307-7634
ssteere@atlaslawcenter.com
nvolheim@atlaslawcenter.com
*Counsel for Plaintiff*